**Application of Robert Edward LIPSCOMB for a Writ of Habeas Corpus.**

**Civ. No. 24311.**

United States District Court
E. D. Michigan, S. D.

Dec. 13, 1963.

Robert Edward Lipscomb, in pro. per. and Thomas Khederian, Detroit, Mich., for petitioner.

No appearance for defendant.

Lawrence Gubow, U. S. Atty., and William H. Merrill, Asst. U. S. Atty., Detroit, Mich., for L. B. Stevens, Warden of United States Correctional Institution, at Milan, Mich., respondent.

KAESS, District Judge.

The petitioner, Robert Edward Lipscomb, is in federal custody at Milan, Michigan. He was convicted of passing counterfeit federal reserve notes and sentenced by the United States District Court for the Eastern District of Missouri, on April 6, 1951, to 25 years imprisonment. He had previously been convicted of armed robbery in Michigan and, on January 31, 1950, had been released on parole. A parole violation warrant was issued on February 15, 1951. The petitioner's whereabouts then were unknown to the Michigan authorities and were not learned until he was under arrest in St. Louis, Missouri. He was wanted by the Michigan authorities for escape from the Wayne County jail, where he had been held on a parole violation detainer. Following his conviction, he was committed to the United States Penitentiary at Leavenworth, Kansas. A Michigan detainer was placed with his sentence data record. On September 29, 1954 he was transferred to the penitentiary at Alcatraz, California. From there he was transferred to the State Prison of Southern Michigan by order of James V. Bennett, Director of the Bureau of

Prisons, on March 21, 1963. Since the only issue before the court is the legal effect of the order of transfer to the state prison, it is quoted in full:

"To the Warden, United States Penitentiary, Alcatraz, Calif.

WHEREAS, in accordance with the authority contained in title 18, sections 4082, 4085, and 4125, U.S. Code, the Attorney General by the Director of the Bureau of Prisons has ordered the transfer of Robert Edward Lipscomb #1141 from the United States Penitentiary, Alcatraz, Calif. to the State Prison of Southern Michigan, Jackson, Mich.

NOW THEREFORE, you, the above-named officer, are hereby authorized and directed to execute this order by causing the removal of said prisoner, together with the original writ of commitment and other official papers as above ordered and to incur the necessary expense and include it in your regular accounts.

And you, the warden, superintendent, or official in charge of the institution in which the prisoner is now confined, are hereby authorized to deliver the prisoner in accordance with the above order; and you, the warden, superintendent, or official in charge of the institution to which the transfer has been ordered, are hereby authorized and directed to receive the said prisoner into your custody and him to safely keep until the expiration of his sentence or until he is otherwise discharged according to law.

By direction of the Attorney General.

JAMES V. BENNETT
Director, Bureau of Prisons

H. G. MOELLER
Assistant Director."

The order bore the following notation:

"For concurrent service of state and federal sentences. R–2"

Apparently it was intended to permit the petitioner to serve out the remainder of his Michigan sentence concurrently with his federal service. This may be accomplished by the Attorney General through the designation of a state institution as the place of confinement. The direction to the warden of the state prison, in the order, could not be stated more clearly. The petitioner was to be held in custody by the Warden to serve his federal sentence. There is no suggestion in the order that the petitioner was to be discharged from detention. It is clear that the Attorney General or his authorized representative may designate a state institution as the place of serving a federal sentence and may transfer a prisoner from one institution to another, 18 U.S.C. § 4082, and the failure of the Director of the Bureau of Prisons to arrange for payment to the prison authorities in Michigan for the petitioner's subsistence and care under 18 U.S.C. § 4002 does not necessarily make the transfer ineffective. The provision in 18 U.S.C. § 4002 does not require the federal government to assume the costs of subsistence and care in every case. Where a state sentence is being served concurrently, the Director and the state authorities might appropriately agree that the detention should be without charge to the United States.

■ This case is unlike Jones v. Rayborn, Ky., 346 S.W.2d 743, and People ex rel. Barrett v. Bartley, 383 Ill. 437, 50 N.E.2d 517, 147 A.L.R. 935, and the other cases cited in that the petitioner has not been prejudiced through the interruption of his sentence. His federal sentence has continued, and any good time allowance that has been earned in the state prison will be credited to it. It cannot be said that his transfer was arbitrary action in disregard of essential right and justice. On the contrary, it appears that the transfer was intended to permit the completion of his state sentence while the federal sentence was being served, so that upon his discharge he would not face further detention by the Michigan authorities.

An order will be entered accordingly.